IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED
JUL 28 2016
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:08CR157–HEH |
| ) | |
| JONATHAN FULLER, ) | |
| ) | |
| Petitioner. ) | |

MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Jonathan Fuller, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 41).[1] The Government has responded, asserting, *inter alia*, that Fuller's § 2255 Motion is barred by the statute of limitations. (ECF No. 45.) Fuller has filed a Reply. (ECF No. 47.) For the reasons set forth below, Fuller's § 2255 Motion will be dismissed as barred by the statute of limitations.

I. PROCEDURAL HISTORY

On April 1, 2008, a grand jury charged Fuller with one count of possession with the intent to distribute five grams or more of a mixture and substance containing a detectable amount of cocaine base. (Indictment 1, ECF No. 1.) On June 30, 2008, Fuller pled guilty to the charge contained in the Indictment without the benefit of a Plea Agreement. On November 4, 2008, the Court entered judgment against Fuller and

---

[1] The Court employs the pagination assigned to Fuller's submissions by the CM/ECF docketing system.

sentenced him to 160 months of incarceration. (J. 2, ECF No. 23.)[2] On September 18, 2009, the United States Court of Appeals for the Fourth Circuit affirmed Fuller's conviction and sentence. *United States v. Fuller*, 332 F. App'x 879 (4th Cir. 2009).

On November 12, 2013, Fuller placed the present § 2255 Motion in the prison mail system for mailing to this Court. (§ 2255 Mot. 18.) The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). In his § 2255 Motion, Fuller asserts that he is entitled to resentencing in light of the Supreme Court's ruling in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), (§ 2255 Mot. 1), because the Court "violated his Fifth Amendment and Sixth Amendment right by increasing his statutory mandatory minimum sentence for the drug offense based on improper judicial fact findings." (*Id.* at 3.) Specifically, Fuller contends that the Court "finding that he was responsible for 107 grams of cocaine base violated his Fifth and Sixth Amendment right to have any fact that triggers an enhanced mandatory minimum sentence charged in the indictment, submitted to a jury, and proven beyond a reasonable doubt . . . ." (*Id.*)

## II. ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

---

[2] On April 25, 2012, the Court granted Fuller's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and reduced Fuller's sentence to 135 months. (ECF No. 38, at 1.) On December 15, 2015, the Court granted Fuller's second motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and reduced Fuller's sentence to 103 months. (ECF No. 58, at 1.)

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>   (1) the date on which the judgment of conviction becomes final;
>   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### A. 28 U.S.C. § 2255(f)(1)

Because Fuller filed an appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Thursday, December 17, 2009, the last date to file a petition for certiorari in the Supreme Court. *See United States v. Sosa*, 364 F.3d 507, 509 (4th Cir. 2004); Sup. Ct. R. 13(1) (requiring that a petition for certiorari be filed within ninety days). Hence, Fuller had until Friday, December 17, 2010 to file any motion under 28 U.S.C. § 2255. Because Fuller did not file his § 2255 motion until November 12, 2013, the motion is untimely under 28 U.S.C. § 2255(f)(1).

### B. Belated Commencement

In his § 2255 Motion, Fuller asserts that the sentence imposed violates *Alleyne v. United States*, 133 S. Ct. 2131 (2013), because the Court "violated his Fifth Amendment

3

and Sixth Amendment right by increasing his statutory mandatory minimum sentence for the drug offense based on improper judicial fact findings." (§ 2255 Mot. 3.) Specifically, Fuller faults the Court for finding that he was responsible for 107 grams of cocaine base without submitting that determination to a jury. (*Id.*) He contends that the decision in *Alleyne* should apply retroactively to his case. (*Id.* at 7–17.) In *Alleyne*, the Supreme Court held "that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 133 S. Ct. at 2155. Although *Alleyne* did announce a new rule of criminal procedure, the rule is not retroactive on collateral review. *See Crayton v. United States*, 799 F.3d 623, 624 (7th Cir. 2015) (citations omitted); *Williams v. United States*, No. 4:09cr00039, 2014 WL 526692, at *4 (W.D. Va. Feb. 7, 2014). Therefore, because *Alleyne* is not retroactive, Fuller's § 2255 Motion cannot be timely under 28 U.S.C. § 2255(f)(3). Thus, Fuller has failed to demonstrate any basis for excusing his failure to comply with the statute of limitations.[3]

Fuller also has filed a Motion to Amend his § 2255 Motion to include "that trial and appellate counsel was ineffective for failing to argue at sentencing for a concurrent or partial concurrent sentence to r[u]n together with his state probation revocation sentence of 2 years." (Mot. Amend 2, ECF No. 48 (capitalization corrected).) Leave to amend is appropriately denied where the amendment would be futile, such as here, when the amended claim would be barred by the relevant statute of limitations. *See United States*

---

[3] Neither Fuller nor the record suggest a basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2) or (4), or for equitable tolling.

v. *Pittman*, 209 F.3d 314, 317 (4th Cir. 2000). Accordingly, Fuller's Motion to Amend (ECF No. 48) will be denied.

### III. CONCLUSION

For the foregoing reasons, Fuller's § 2255 Motion (ECF No. 41) will be denied. Fuller's Motion to Appoint Counsel (ECF No. 44) will be denied as moot, and his Motion to Amend (ECF No. 48) will be denied. The action will be dismissed. The Court will deny a certificate of appealability.

An appropriate Order shall issue.

                                                 /s/
                                  HENRY E. HUDSON
                                  UNITED STATES DISTRICT JUDGE

Date: July 28, 2016
Richmond, Virginia